United States District Court
Southern District of Texas
**ENTERED**
August 26, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JOSÉ CRUZ GONZALEZ CAMEY,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-cv-06776** |
| | § | |
| **MARKWAYNE MULLIN, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |
| | § | |

## ORDER

Before the Court is Petitioner José Cruz Gonzalez Camey's Petition for Habeas Corpus (ECF No. 1) and Respondents' Motion to Stay, and in the Alternative, Motion for Summary Judgment (ECF No. 7). For the reasons that follow, the Court now **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Stay and Motion for Summary Judgment.

## I. BACKGROUND

Respondents did not dispute the following facts. Petitioner is a citizen of Guatemala who entered the United States in April 2013. ECF No. 1 ¶ 17. After initial entry, he was taken into DHS custody. *Id.* On April 8, 2013, the Department of Homeland Security ("DHS") made an individualized custody determination that Petitioner should be released on his own recognizance subject to certain conditions. *Id.* ¶¶ 18-20.

While released, Petitioner complied with all conditions. *Id.* ¶¶ 20-22. On January 27, 2023, an immigration judge ("IJ") ordered Petitioner removed from the United States. *Id.* ¶ 23. Petitioner

timely appealed that decision on February 15, 2023, and the appeal remains pending. *Id.* ¶ 24. Nonetheless, Respondents re-detained Petitioner on July 24, 2026. *Id.* He remains in custody. Petitioner's re-detention causes severe harm—at the time of his detention, Petitioner was in the process of purchasing a home with his long-time partner. *Id.* ¶ 26. The Government's position is that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). *See* ECF No. 7 at 1.

## II. ANALYSIS

### *A. Respondents' Motion to Stay is Denied*

Respondents request that the Court stay its order granting Petitioner's habeas petition in light of the Fifth Circuit's published order granting the Government's motion for stay of the district court judgments pending the Fifth Circuit's en banc decision in Sosnava Rodriguez. See Rodriguez v. Ortega, ---F.4th---, 2026 WL 2104747 (5th Cir. July 21, 2026) ("Appellants' opposed motion for stay of the district court judgments pending rehearing en banc is GRANTED."). For the following reasons, the Motion to Stay is DENIED.

Respondents appear to argue that the Fifth Circuit's one-sentence order granting a stay of the underlying district court judgments in Sosnava Rodriguez has the extraordinary effect of barring all district courts from granting habeas petitions by noncitizens detained pursuant to 8 U.S.C. § 1225(b)(2) on any due process ground—no matter how dissimilar from the reasoning at issue in the stayed district court judgments.

The Court already considered and rejected this argument. See Perozo-Mata v. Blanche, 4:26-CV-05679, Doc. No. 9 at 4-6 (S.D. Tex. July 27, 2026); ECF No. 8 (Order Granting Petition) at 3 n. 1. The Court declines to reconsider its prior decisions on this question. While it is of course

true that the stay, as a published order, is binding on this Court, the order is silent as to its scope and reasoning. Had the Fifth Circuit intended to stay all habeas relief on any due process grounds—even grounds not considered or relied upon by the stayed district court orders—it could easily have expressed this intent.

Respondents contend that "[i]t makes no difference" that three district courts in Rodriguez (and the now-vacated panel opinion) addressed procedural due process, whereas this Court granted the petition based on substantive due process grounds not reached by the Rodriguez district courts. ECF No. 9 at 3. The basis for this argument is that the Government's motion for a stay "covered the gamut of possible due process arguments." Id. But the mere fact that the Fifth Circuit granted the government's motion without reasoning does not imply that it adopted each and every one of the Government's arguments—particularly those that were never addressed by the district courts. As the Court has previously stated, "[t]he Court will not presume that the Fifth Circuit intended such far-reaching (and unstated) consequences from its unreasoned, one-sentence stay order." Perozo-Mata v. Blanche, 4:26-CV-05679, Doc. No. 9 at 6 n. 2.

*B. Respondents' Detention of Petitioner Violates her Procedural Due Process Rights.*

Petitioner argues that his re-detention violates, *inter alia*, the Due Process Clause of the Fifth Amendment. Because the Court agrees that Petitioner's re-detention violates his procedural due process rights, it declines to address his other claims.

The Court recently addressed a nearly identical set of circumstances in *Betancourth v. Tate, et al.*, --- F.Supp.3d ---, No. 4:26-CV-01169, 2026 WL 638482 (S.D. Tex. Mar. 6, 2026) (Ellison, J.). *See also Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 (S.D. Tex. Feb. 25, 2026). In those cases, the Court concluded that ICE's re-detention of a noncitizen who was

previously released on their own recognizance without a pre-deprivation hearing or proof of changed individual circumstances violated the noncitizen's right to procedural due process. See *Betancourth*, 2026 WL 638482 at *3-4; *Alvarez Rico*, 2026 WL 522322 at *4-6. The Court also previously rejected Respondents' arguments regarding *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). *See Alvarez Rico*, 2026 WL 522322 at *3-4. The Court sees no reason to reach a different result under the facts of this case. It therefore concludes that Petitioner's re-detention violated his Fifth Amendment right to procedural due process.

## III. RELIEF

The Court therefore **ORDERS** as follows:

1. Respondents are **ORDERED** to release Petitioner from custody **within 48 hours**, pursuant to the terms of his prior release order.
2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify his counsel or next friend of the time and place of his release **no less than three hours** prior to his release from custody.
3. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.
4. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent notice and a hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to additional conditions of release without a similar

hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before August 31, 2026**, informing the Court of the status of Petitioner's release.

The Court further **ORDERS** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **on or before September 4, 2026.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on August 26, 2026.

Keith P. Ellison
United States District Judge